IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC W. MUSKRAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-590-TLW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Eric W. Muskrat, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), requests judicial review of the decision of the Commissioner of the Social Security Administration denying his applications for disability benefits under Titles II and XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 8). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

**Review**

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security

regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The

evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a).

## Background

Plaintiff was born April 15, 1967 and was 42 years old at the time of Administrative Law Judge ("ALJ") John Volz's final decision on November 20, 2009. (R. 103). Plaintiff obtained his GED in 1994, and completed "USA Truck Driving School" in 2001. (R. 134). Plaintiff's prior work history consists of work in masonry, concrete restoration, power washing, foundry work, over-the-road truck driving, and insulation. (R. 144). Plaintiff alleged a disability onset date of April 1, 2008. (R. 124).

Plaintiff had a hearing before the ALJ on October 22, 2009. The ALJ issued a decision on November 20, 2009, denying plaintiff's claim for benefits. Plaintiff appealed that decision to the Appeals Council, which declined to review the decision of the ALJ. (R. 1-5).

## Procedural History

Plaintiff alleges his disabling impairments include numbness on his left side, hepatitis B and C, "h pylori virus," and neck, back and stomach pain. (R. 130). In assessing plaintiff's qualifications for disability, the ALJ first stated plaintiff met the insured status requirements of the Act through December 31, 2012. (R. 16). Next, he determined at step one of the five step sequential process that plaintiff had not been engaged in substantial gainful activity since April 1, 2008, his alleged onset date. Id. At step two, the ALJ found plaintiff to have the severe impairments of hepatitis B, hepatitis C, cirrhosis, enlarged prostate, depression, and chronic pain in his neck and back. Id. At step three, the ALJ determined plaintiff's impairments did not meet

the requirements of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 16-17).

Before moving to the fourth step, the ALJ found plaintiff had the following residual functional capacity ("RFC"):

> … the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)

(R. 17). At step four, the ALJ determined that plaintiff was able to perform his past relevant work as a general laborer (light to medium exertion level), grinder (medium exertion level), temp worker (light exertion level), and truck driver (light exertion level). (R. 20). While not required by the sequential evaluation process, the ALJ provided an alternate finding at step five, determining that considering plaintiff's age, education, work experience, and RFC, he could also perform the light jobs of bench assembler (DOT number 780.684-062), poultry processor (DOT number 525.687-070), and the sedentary jobs of order clerk (DOT number 209.567-014), and clerical mailer (DOT number 205.367-014), based on the testimony of the vocational expert at the hearing. (R. 20-21). The ALJ concluded that plaintiff was not disabled under the Act from April 1, 2008, through the date of the decision. (R. 21).

## Issues Raised

Plaintiff's allegations of error are as follows:

1. The ALJ failed to perform proper step four or step five determinations, and
2. The ALJ failed to perform a proper credibility determination.

(Dkt. # 15 at 2).

**Discussion**

**The ALJ's Step 4 and Step 5 Analysis**

Plaintiff alleges that the ALJ failed to consider all of plaintiff's impairments throughout all five steps, stating failure to do so is reversible error. Plaintiff argues that although the ALJ found depression to be a severe impairment at step two, his hypothetical to the vocational expert ("VE"), and his decisional residual functional capacity ("RFC") both failed to include any mental limitations. Plaintiff argues using this faulty RFC, the ALJ then erroneously found plaintiff could perform his past relevant work as well as other jobs in the national and regional economy without weighing the mental limitations of his severe depression. Id. The undersigned agrees.

In the discussion of his decisional RFC, the ALJ recited the procedural steps to evaluate subjective allegations of symptoms and of credibility found in SSR 96-7 and to noted plaintiff's daily activities, his reported pain, his shortness of breath when walking and his difficulty in completing task without tiring. The ALJ listed plaintiff's medications, noted that plaintiff has not received any additional treatment, noted plaintiff's frequent naps, and again stated plaintiff claimed to "run out of breath" when walking or climbing stairs, but found no mention of that in the medical records. (R. 18-19).

The ALJ then summarized plaintiff's medical records, noting testing and treatment for his physical ailments, and medication for depression. (R. 19). The ALJ gave "great weight" to the opinion evidence of the State agency medical consultant. (R. 20).

A thorough review of the record reveals that while the ALJ found plaintiff had a severe impairment of depression, he failed to properly perform the "special technique" required by 20 C.F.R. §§ 404.1520a, 416.920a. Once a medically determinable mental impairment has been

established by a claimant, the ALJ must rate a claimant's limitations in the four broad functional areas of activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  Then, the ALJ is to use those functional limitation ratings to determine the severity of a mental impairment.  He is to document the application of the special technique by incorporating the pertinent findings and conclusions based on the technique in his written decision.  Wilson v. Astrue, 602 F.3d 1136, 1141 (10th Cir. 2010); Mushero v. Astrue, 384 Fed.Appx. 693, 694 (10th Cir. 2010).

There are no mental consultative examinations in the record, and no Psychiatric Review Technique form or Mental RFC form to document the ALJ's determination.  At step three, the ALJ simply noted plaintiff's "mental impairment has resulted in mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace" with no episodes of decompensation.  He also stated "the evidence does not establish the presence of the 'C' criteria."  (R. 17).  After this brief synopsis, the severe mental impairment found at step two simply disappears from the ALJ's RFC analysis.  "If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability process."  20 C.F.R. §§ 404.1523, 416.923.  Failure to consider all plaintiff's limitations is reversible error.  See Givens v. Astrue, 251 Fed.Appx. 561, 566 (10th Cir. 2007) (citing Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006)).

Upon remand, the ALJ is instructed to consider and discuss how plaintiff's severe impairment of depression impacts his RFC, if at all.  The ALJ should obtain additional testimony from a vocational expert.  The undersigned does not find error in the ALJ's credibility

determination, although the ALJ is free to revisit that determination if he believes doing so is necessary.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED and REMANDED as set forth herein.

SO ORDERED this 28th day of March, 2012.

_T. Lane Wilson_
T. Lane Wilson
United States Magistrate Judge